IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**DONALD R. ENDICOTT,**
**Claimant Below, Petitioner**

**FILED**
**August 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-68**        (JCN: 2023016774)

**ACNR RESOURCES, INC.,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Donald R. Endicott appeals the January 15, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent ACNR Resources, Inc. ("ACNR") timely filed a response.[1] Mr. Endicott did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's orders, which (1) denied the addition of cervical radiculopathy as a compensable condition in the claim, and (2) denied authorization for a referral to pain management.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Endicott completed an Employees' and Physicians' Report of Occupational Injury form dated March 7, 2023, which indicated that he sustained an injury to his right shoulder while picking up straps on March 6, 2023. Per the physicians' section, Mr. Endicott sustained a right shoulder sprain as a direct result of an occupational injury. Also on March 7, 2023, Mr. Endicott presented to MedExpress with right shoulder pain after picking up a strap the previous day. The physical examination of the cervical spine revealed normal range of motion. The assessment was pain in the right shoulder joint and sprain of the right shoulder.

ACNR completed a Report of Injury investigation form dated March 7, 2023. The date of injury was listed as March 6, 2023. It was reported that Mr. Endicott sustained a

---

[1] Mr. Endicott is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq., Bailey, Stultz & Greene, PLLC. ACNR is represented by Aimee M. Stern, Esq., Dinsmore & Shohl, LLP.

sprain/strain of the right shoulder. The injury occurred while Mr. Endicott was bending down to pick up some straps.

Mr. Endicott followed up at MedExpress on March 12, 2023, and reported that his right shoulder pain was much worse and radiating down the right arm. Mr. Endicott said it felt like something was ripping in the shoulder. The assessment was shoulder strain. An MRI of the shoulder was recommended, and Mr. Endicott was given an arm sling. On April 8, 2023, Mr. Endicott underwent an MRI of his right shoulder, which revealed a small full-thickness partial width tear of the distal supraspinatus tendon and an abnormal intra-articular portion of the long head of the biceps tendon.

On April 25, 2023, Mr. Endicott underwent an x-ray of the right shoulder, which revealed no acute fractures, no dislocation or subluxation, mild degenerative changes, small glenoid osteophytes, mild sclerosis of the greater tuberosity, degenerative changes associated with rotator cuff pathology, and a small bony exostosis inferior clavicle likely at the coracoclavicular ligament.

Mr. Endicott underwent an additional MRI of his right shoulder on July 26, 2023. The MRI revealed a split tear in the long head of the biceps tendon in the bicipital groove, low-grade partial tear of the supraspinatus tendon, mild supraspinatus and infraspinatus tendinopathy, loss of normal fat signal in the rotator interval suggestive of adhesive capsulitis, and mild edema-like signal in the distal clavicle, which could represent stress related change or contusion.

On November 1, 2023, the claim administrator issued an acknowledgement of an Administrative Law Judge ("ALJ") order dated October 24, 2023. The claim administrator noted that the ALJ decision reversed the claim administrator's order dated March 14, 2023, rejecting the claim. The ALJ found the claim compensable for right shoulder sprain and authorized an MRI of the right shoulder.

Mr. Endicott was seen by Chad Lavender, M.D., at Marshall Orthopedics, on January 25, 2024. Dr. Lavender assessed cord compression of the cervical spine with associated radiculopathy and possible rotator cuff tendinopathy. However, Dr. Lavender indicated that he was unable to fully make a diagnosis, as he did not have Mr. Endicott's MRI records. Dr. Lavender referred Mr. Endicott for possible surgical treatment of the cervical spine.

On February 13, 2024, David Soulsby, M.D., performed an independent medical evaluation ("IME") of Mr. Endicott at the request of ACNR. Dr. Soulsby noted that Mr. Endicott had shoulder pain since the date of the injury, and that he complained to Frederick Pollock, M.D., on October 12, 2023, of right shoulder and neck pain. Dr. Soulsby examined Mr. Endicott and assessed small full-thickness rotator cuff tear of the right shoulder; long head of the biceps tendinopathy versus partial tear, right shoulder; and adhesive capsulitis

2

of the right shoulder. Dr. Soulsby indicated that there was a reasonable medical probability that Mr. Endicott sustained a right shoulder rotator cuff tear as a result of the March 6, 2023, injury. Dr. Soulsby opined that because Mr. Endicott had failed to improve with routine nonsurgical management, he would likely need an arthroscopic rotator cuff repair and tenodesis of the long head of biceps. However, Dr. Soulsby indicated that prior to undergoing surgery, Mr. Endicott should resume physical therapy to restore his motion. Finally, Dr. Soulsby stated that Mr. Endicott's neck pain was not related to the injury in this claim, and that Mr. Endicott's medical records do not make physical findings, or a diagnosis related to cervical pain.

On February 27, 2024, the claim administrator issued an order holding the claim compensable for an incomplete rotator cuff tear of the right shoulder, no trauma.

Mr. Endicott was seen by Kara Cipriani, APRN, at Marshall Orthopedics on February 29, 2024. Mr. Endicott presented with neck and shoulder pain on his right side. The assessment was cervicalgia with multilevel spondylosis and adhesive capsulitis of the right shoulder. After a review of the MRI of the cervical spine and right shoulder, APRN Cipriani opined that Mr. Endicott's symptoms were related to the cervical spine.

On March 7, 2024, the claim administrator issued an additional order authorizing Dr. Lavender's request for twenty-eight physical therapy sessions for the right shoulder. On April 1, 2024, Dr. Lavender completed a Diagnosis Update form, which requested that cervical radiculopathy be added as a compensable condition in the claim. When asked how the current diagnosis related to the compensable injury, Dr. Lavender stated, "patient has been referred to neurosurgeon Dr. Kim for further evaluation." On April 3, 2024, the claim administrator denied Dr. Lavender's request to add cervical radiculopathy as a compensable condition on the basis that it was not related to the claim. Mr. Endicott protested this order to the Board.

Mr. Endicott followed up with Dr. Lavender on April 19, 2024, regarding his right shoulder pain. The assessment was right shoulder adhesive capsulitis. Dr. Lavender recommended additional physical therapy and a referral to pain management.

On May 30, 2024, Prasadarao Mukkamala, M.D., performed an IME of Mr. Endicott. Mr. Endicott reported pain in the right shoulder and numbness in the right hand. Dr. Mukkamala assessed a strain of the right shoulder and placed Mr. Endicott at maximum medical improvement. Dr. Mukkamala opined that Mr. Endicott would not require any additional diagnostic studies or treatment. Dr. Mukkamala noted that although cervical radiculopathy was diagnosed by some of the providers, there was no objective evidence of radiculopathy. By order dated June 3, 2024, the claim administrator denied Dr. Lavender's request for a referral to pain management, on the basis that Dr. Mukkamala found Mr. Endicott to be at MMI. Mr. Endicott protested this order to the Board.

3

On June 3, 2024, Dr. Lavender completed a Physical Work Capabilities form for the claim administrator, which indicated that Mr. Endicott could return to full duty work with no restrictions on June 5, 2024. However, Dr. Lavender indicated that Mr. Endicott had not reached MMI for the compensable injury.

Mr. Endicott was deposed regarding his claim on August 13, 2024. Mr. Endicott testified that he was a roof bolter at ACNR, and that on the date of the injury, he picked up several roof straps when he pulled his shoulder, and it popped. Mr. Endicott indicated that he went to MedExpress for treatment on the day after the injury. Mr. Endicott testified that he began noticing problems with his neck a couple of days after the injury. Further, Mr. Endicott stated that when he went to work on the date of the injury, he was having neck problems, but that he had not received treatment for his neck. At the time of the deposition, Mr. Endicott said that he had not had an MRI or an x-ray of his neck and stated that he had returned to work.

By order dated January 15, 2025, the Board affirmed the claim administrator's orders, that (1) denied the addition of cervical radiculopathy as a compensable condition in the claim, and (2) denied authorization for a referral to pain management. It is from this order that Mr. Endicott now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Mr. Endicott argues that the Board erred in adopting Dr. Soulsby's opinion because he provided no alternative cause of Mr. Endicott's cervical symptoms,

while Dr. Lavender attributed the cervical symptoms to Mr. Endicott's compensable injury. Further, Mr. Endicott asserts that the Board was clearly wrong in denying Dr. Lavender's request for a referral to pain management, because this is reasonable and medically necessary for Mr. Endicott's cervical radiculopathy and shoulder pain. We disagree.

In order for a claim to be held compensable, three elements must coexist: (1) a personal injury, (2) received in the course of employment and (3) resulting from that employment. Syl. Pt. 1, *Barnett v. Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970).

With respect to the compensability of cervical radiculopathy, the Board found that there is no temporal relationship between this condition and the compensable injury. The Board noted that the physical examination of Mr. Endicott at MedExpress on the day after the injury revealed normal range of motion of the cervical spine. Further, the medical evidence in the record establishes that Mr. Endicott did not report pain in his neck until October 12, 2023. The Board found that Drs. Soulsby and Mukkamala opined that the neck was not part of the compensable condition. Further, although Dr. Lavender requested that cervical radiculopathy be added to the claim, he did not include an explanation as to how radiculopathy resulted from the compensable injury.

Turning to the issue of the referral to pain management, the Board concluded that pain management is not medically related and reasonably required for the compensable injury. West Virginia Code § 23-4-3(a)(1) (2005) provides that the claim administrator must provide medically related and reasonably required "[s]ums for healthcare services, rehabilitation services, durable medical and other goods, and other supplies." Here, the Board noted that the only compensable component in this claim is the right shoulder. Moreover, in Mr. Endicott's physical therapy records dated May 24, 2024, he had full, pain-free range of motion in the right shoulder and reported no functional deficits. Mr. Endicott was released to return to work with no restrictions on June 5, 2024. Thus, the Board concluded that Mr. Endicott failed to establish that pain management is medically related and reasonably required for the compensable injury.

Upon review, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's orders, which denied compensability of cervical radiculopathy and the request for a referral to pain management. As set forth by the Supreme Court of Appeals of West Virginia, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). Based on the foregoing, we conclude that the Board's decision is supported by substantial evidence in the record.

Accordingly, we affirm the Board's January 15, 2025, order.

Affirmed.

**ISSUED:**  August 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

6